## In Equity.

### GEORGE C. PEASE, Petitioner, *vs.* JOHN W. BALLOU.

### Sagadahoc.    Opinion March 23, 1911.

*Elections.    Ballots.    Marking.    Validity.    Mutilated  Ballots.    Revised Statutes, chapter 6, sections 70-74.*

A ballot is insufficiently marked where a cross is made and then covered by marks of erasure.

A ballot is invalidated by a mark resembling crossed paddles or a windmill, or where there is a cross in one party square and a sticker with the name of the candidate for another office placed in another party square.

Votes for a particular candidate are invalidated by an erasure of the designation of the office or a covering of it by a sticker; but, if the sticker is so placed that enough of the designation remains to disclose what the office is, the vote should be counted.

A ballot is invalidated where the voter, in attempting to vote a split ticket, leaves two names below the designation of an office.

Ballots for a particular office were invalidated, where the name of the candidate was erased and no other inserted in the party group, and where a sticker was used with the name of a candidate for another office.

A ballot mutilated by cutting out the name of a candidate cannot be counted.

Ballots designed for use in another city cannot be counted.

In equity.    On appeal by plaintiff.    Petition dismissed.

Proceedings by the plaintiff "as in equity," under the provisions of Revised Statutes, chapter 6, sections 70 to 74 to determine his right to the office of sheriff of the county of Sagadahoc.    An answer was filed by the defendant.    The matter was heard by the Justice of the first instance who found and decreed that the defendant was entitled by law to the said office of sheriff.    Thereupon the plaintiff appealed as provided by section 72 of said chapter.

The case is stated in the opinion.

*George E. Hughes, and Arthur J. Dunton,* for plaintiff.

*Frank L. Staples,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J.   This is an appeal from the judgment of a single Justice rendered in a petition brought under R. S., chap. 6, sections 70-74, to determine whether the petitioner at the biennial State election held on September 12, 1910, was duly elected sheriff for Sagadahoc county for the term beginning January 1, 1911, or whether the respondent was so elected.   Both were candidates for the office and their names were printed on the official ballot.

By the official returns to the Secretary of State, it appeared that the respondent Ballou had received 1942 ballots and the petitioner Pease 1935 ballots in consequence of which a certificate of election was issued to Ballou by the Governor and Council.   Subsequently the petitioner filed this petition in the Supreme Judicial Court for Sagadahoc county claiming that he had been elected and asking that a recount be had before a single Justice.   After due notice and hearing, and upon inspection of the ballots, the single Justice found that the total number of legal ballots cast for the petitioner was 1899, for the respondent 1903, that the respondent had been duly elected by a plurality of 4 and therefore rendered judgment in his favor.

From this judgment the petitioner appealed to the Justices of this Court.   In the case of *Bartlett, Petr.*, v. *McIntire*, heard at the same time as the case at bar and reported in 108 Maine, page 161, the rules by which, under our Australian ballot system, ballots should be counted or rejected, either in whole or in part have been fully considered and it is unnecessary to reiterate them here.

By agreement of the parties the total number of ballots is 3888 and of these 1806 ballots are to be counted for Ballou without question and 1838 for Pease.   This leaves a balance of 244 all of which have been inspected one by one by the Appellate Justices sitting together and they have each been counted or rejected according to rules which were agreed upon before the counting began.   Of these 244 in dispute 185 have been counted, and 59 rejected.

It would be impracticable within the limits of this opinion to call attention to each individual ballot and in view of the fullness with which the case of *Bartlett* v. *McIntire* has been treated both as to counted and rejected ballots and of the fact that substantially the same problems arose in both cases, it is only necessary here to group those that are rejected under their appropriate heads.

(1)    Insufficient Marks in Square.

Only one ballot is rejected because of insufficient cross and in that instance the voter made a cross and then destroyed it by covering it entirely over with marks of erasure, leaving no cross in the square as required by statute.

(2)    Distinguishing Marks.

These rejected ballots are three in number, one with a mark in the square like crossed paddles, another with a design in the square resembling a windmill and the third with a cross in one party square and a sticker with the name of a candidate for another office placed in another party square.    In these instances the entire ballot was invalidated.

(3)    Designation of Office erased or covered.

Forty ballots for sheriff are rejected on this account, although of course the entire ballots were not invalidated thereby.    The designation of the office is an indispensable part of any ballot.    There must be both an office and a candidate.    The candidate without an office is like an office without a candidate, and where the designation has been obliterated either by erasure or by sticker, the vote cannot be counted.    If, however, a sticker is so placed that enough of the top parts of the letters of the designation remain so that the eye can see what the office was, the vote should be counted.

(4)    Two Names for the same Office.

Nine votes are rejected because the voter in attempting to vote a split ticket left two names below the designation of office, having failed to erase or cover the name in the party group.

(5)    Erasure of Names.

In two instances the name of the candidate was erased and no other inserted in the party group, and in one instance a sticker was used with the name of a candidate for another office.

(6)    Other Causes.

One ballot was mutilated by cutting out the name of a candidate for another office and mutilated ballots should not be counted. Two ballots designed for the city of Bangor were by mistake sent to Bath and found their way into the ballot box.    They are rejected. The 59 rejected ballots are thus accounted for.    The result is therefore as follows:

| | | |
|---|---|---:|
| Number of ballots rejected, | | 59 |
| Number of ballots for | | |
| John W. Ballou, Undisputed | 1806 | |
| Of the disputed, | 115 | |
| Total, | | 1921 |
| Number of ballots for | | |
| George C. Pease, Undisputed | 1838 | |
| Of the disputed, | 70 | |
| Total, | | 1908 |
| Ballou's Plurality, | 13 | |
| Total number of ballots, | | 3888 |

It is therefore unanimously held that the respondent, John W. Ballou, having received a plurality of all the ballots cast for sheriff of Sagadahoc county at the State election held on September 12, 1910, was duly elected sheriff of said county for the term beginning January 1, 1911, and is entitled by law to the office now held by him.

*Petition dismissed with costs
for respondent.*